UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO MARTINEZ GERONIMO,<br>  Petitioner,<br>v.<br>SPEARMAN,<br>  Respondent. | Case No. 15-cv-00696-JD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. Nos. 7, 15 |

Pablo Martinez Geronimo, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations. Geronimo has filed an opposition, and respondent has filed a reply. The motion is granted.

## I. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. §

2244(d)(2). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The one-year period may also start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by United State Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

### A. Background

Geronimo pled guilty to robbery with a knife, forcible oral copulation, rape, and first degree burglary and on June 23, 2006, was sentenced to 75 years in prison. Petition at 8-9. Geronimo states that no direct appeal was filed. *Id*. at 13. On May 18, 2014, Geronimo filed a petition for writ of error coram nobis in Santa Clara County Superior Court. *Id*. at 14. The Superior Court denied the petition on July 2, 2014. *Id*. at 4. Geronimo filed a habeas petition in the California Court of Appeal on July 18, 2014, that was denied on September 15, 2014. Motion to Dismiss ("MTD"), Ex. 1. He filed a petition in the California Supreme Court on October 9, 2014, that was denied on December 10, 2014, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). *Id*., Ex. 2. This federal petition was filed on February 1, 2015.

### B. Discussion

Geronimo had 60 days after sentencing, or until August 22, 2006, to file a notice of appeal. Cal. Rules of Court 8.308(a). He did not, thus his federal petition was due by August 22, 2007. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). This petition, filed on February 1, 2015, is more than seven years late. Geronimo will not receive statutory tolling for the state habeas petitions filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*,

321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).   Thus, the petition is untimely.

Geronimo does not contest that the petition is untimely.  He argues that his plea was wrongfully induced, he is actually innocent, and for those reasons the Court should review the merits of his claims.  In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the Supreme Court ruled that a "convincing showing" of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995) can overcome the AEDPA statute of limitations.  In *Schlup*, 513 U.S. at 324, the Supreme Court held that a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.  Under *Schlup*, petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003).

The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522 (2006).  Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

Geronimo states that his plea was induced through false and deceptive means due to bad advice from his attorney.  Geronimo argues that he was told that if he pled guilty, he would be given probation and a suspended sentence.  He also states that his attorney told him he would be given the death penalty or a life sentence if he went to trial.  It seems unlikely that Geronimo would have received probation after pleading guilty to robbery with a knife, forcible oral copulation, rape, and first degree burglary.  It also seems unlikely that these crimes would allow for the death penalty. Even assuming that Geronimo's assertions are correct, his attorney's advice suggests ineffective assistance of counsel; it does not demonstrate actual innocence.  Geronimo

3

was aware of his sentence in 2006, so it is not clear why he waited several years to challenge the conviction on these grounds.[1]

Geronimo also argues that he is actually innocent because he had an addiction to sex and prostitution. He claims that he always paid for the prostitutes' services and had the case been investigated properly, he would not have pled guilty. He has also filed a motion to stay the case in order to request DNA testing, but he fails to describe what DNA needs to be tested and how it would show his innocence.

Geronimo's brief and conclusory allegations of actual innocence do not rise to the high level required to state such a claim. *See Schlup*, 513 U.S. at 328 (noting the need to present "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial"); *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc) ("to pass through the *Schlup* gateway, a petition must show reliable evidence of his innocence that was not, and could not have been, presented at trial") (Kozinski, C.J., concurring). Geronimo has not presented credible arguments concerning new reliable evidence to support his claim of actual innocence. Therefore, he is unable to overcome the statute of limitations.

## II. CONCLUSION

1. Respondent's motion to dismiss (Docket No. 7) is **GRANTED** and this case is **DISMISSED**.

2. Petitioner's motion to stay (Docket No. 15) is **DENIED** as moot because this case is dismissed as untimely.

3. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[1] Because he was aware of his sentence in 2006, he would not be entitled to a later start of the statute of limitations on the theory that he was unaware of the factual predicate of the claim. *See* 28 U.S.C. § 2244(d)(1)(D).

4

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claims of the petition.

**IT IS SO ORDERED.**

Dated: September 29, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PABLO MARTINEZ GERONIMO,

    Plaintiff,

  v.

SPEARMAN,

    Defendant.

Case No. 15-cv-00696-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo Martinez Geronimo
F-34230
CTF North
PO Box 705
Soledad, CA 93960-0705

Dated: September 29, 2015

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the Honorable JAMES DONATO

6